O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#7

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-9180 PSG (CWx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | Megan Partee v. United Recovery Group | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Granting Defendant's Motion to Dismiss**

        Pending before the Court is Defendant's Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendant's motion with leave to amend.

I.      <u>Background</u>

        This matter concerns whether a plaintiff has sufficiently demonstrated that a "substantial part" of her Fair Debt Collection Practices Act ("FDCPA") claim arose in this judicial district for the purpose of establishing venue. On December 15, 2009, Plaintiff Megan Partee ("Plaintiff") filed a Verified Complaint in this Court, asserting claims against Defendant United Recovery Group ("Defendant") for violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* In the Complaint, Plaintiff alleges that she "is a natural person residing in Oxnard, Ventura County, California," and that Defendant makes harassing telephone calls to Plaintiff demanding payment on an alleged debt. *See Compl.* ¶¶ 7, 12-20. On March 26, 2010, Defendant filed a Motion to Dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).[1]

---

[1] Though not raised in the Opposition, the Court observes that the Motion does not appear to comply with Local Rule 7-3. *See* L.R. 7-3. While Defendant does allude to pre-motion discussions with opposing counsel concerning venue issues raised in the Motion, *see Mot.* 3:5-19, it is not clear that Defendant notified Plaintiff that this particular motion would be filed. Furthermore, Defendant does not include the required statement of compliance with Local Rule 7-3. *See* L.R. 7-3 ("[C]ounsel for the moving party shall include in the notice of motion a

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#7**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-9180 PSG (CWx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | Megan Partee v. United Recovery Group | | |

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue.  Venue in federal court is governed by statute, *see Leroy v. Great Western United Corp.*, 443 U.S. 173, 181, 99 S. Ct. 2710, 61 L. Ed. 2d 464 (1979).  If the case has been filed in the wrong judicial district or division, the court must "dismiss [the complaint], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  In considering a motion to dismiss under Rule 12(b)(3), the "pleadings need not be accepted as true, and facts outside the pleadings may be considered."  *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009); *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).  When the complaint includes multiple parties or claims, the plaintiff must establish venue as to each party and claim.  *See Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009).  Moreover, the plaintiff bears the burden of demonstrating the propriety of venue in the chosen judicial district.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

## III.    Discussion

Plaintiff's Verified Complaint alleges that venue is proper under 28 U.S.C. § 1391(b)(2).  *See Compl.* ¶ 5; *see also Opp.* 2:13-14.  Under § 1391(b)(2), venue will lie in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  In the Motion, Defendant argues that Plaintiff has failed to establish that a "substantial part of the events" giving rise to her claims occurred in the Central District of California.  Defendant contends that Plaintiff was located in Utah when she received the telephone calls in question.  *See Mot.* 2:23-25, 4:8.  Additionally, Defendant requests $1,017.50 in attorneys' fees and costs pursuant to 28 U.S.C. § 1927.  *See id.* at 4:14-17.

### A.    Whether Venue Lies in the Central District

The FDCPA prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse" any debtor in the collection of a debt, including several forms of abusive debt collection practices that involve the use of telephone

---

statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'").  Strict compliance with the Court's Standing Order and the Local Rules will be expected in all future filings.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-9180 PSG (CWx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | Megan Partee v. United Recovery Group | | |

calls. *See, e.g.*, 15 U.S.C. § 1692d(5), (6). For the purpose of determining venue, courts have held that an FDCPA claim may be brought in "the district in which the plaintiff received the offending communication or debt collection letter." *Maloon v. Schwartz, Zweban & Slingbaum, LLP*, 399 F. Supp. 2d 1108, 1114 (D. Haw. 2005) (citing, *inter alia*, *Bates v. C&S Adjusters, Inc.*, 980 F.2d 865 (2d Cir. 1992)); *see also Patterson v. Latimer Levay Jurasek LLC*, No. 09-0567, 2009 WL 1862427, at *4 (S.D. Cal. June 29, 2009).

As a preliminary matter, the Verified Complaint does not allege that Plaintiff received any of the telephone calls in this judicial district.[2] Rather, Plaintiff alleges (1) that she is a resident of Oxnard, California and (2) that she receives frequent telephone calls from Defendant. *See Compl.* ¶¶ 7, 12-20. In the Opposition, Plaintiff again fails to claim that she received any of the telephone calls in this district. *See Opp.* 3:23-24 (reiterating that Plaintiff "resides in Ventura County in Oxnard, California, and resided there when she received the calls from Defendant giving rise to her complaint"). Plaintiff's verified allegation of residency, however, does suffice as an allegation that she was physically present in this judicial district at the time she received any of the telephone calls.

In the Motion, Defendant claims that Plaintiff was located in Utah when she received the telephone calls in question. *See Mot.* 4:8. To support of this claim, Defendant provides (1) a copy of a Westlaw report that identifies Plaintiff's last known address as Provo, Utah, and (2) a copy of Plaintiff's "MySpace" webpage on which she claims to be currently employed by two companies in Utah. *See Reeves Decl.* ¶¶ 3, 4, Exs. B, C. As noted in the Opposition, the "MySpace" webpage also indicates that Plaintiff was located in Oxnard, California at the time of her "last login." *See Reeves Decl.*, Ex. C. Plaintiff claims that Defendant's evidence does not contradict her verified allegation that she was a resident of Oxnard, California, *see Opp.* 3:21-24. This may be so, but the question remains whether she was in this judicial district when she actually received the phone calls.

Plaintiff does not satisfy her burden in demonstrating the propriety of venue in this district, claiming that "[w]ithout an affidavit, declaration, or other evidence to contravene Plaintiff's venue allegations, there is no basis for the Court to dismiss Plaintiff's complaint for improper venue." *See id.* at 3:18-20. Even if Defendant's evidence failed to contradict Plaintiff's verified allegations, her allegations would still be insufficient to establish venue under § 1391(b)(2). Plaintiff has the burden of establishing venue on a Rule 12(b)(3) motion to

---

[2] The Verified Complaint includes a declaration signed by Plaintiff under penalty of perjury, attesting to the accuracy of the allegations. *See Compl.* 7.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#7

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-9180 PSG (CWx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | Megan Partee v. United Recovery Group | | |

dismiss, *see Piedmont*, 598 F.2d at 496, and she fails to allege that she received any of the subject telephone calls in this judicial district. Indeed, she does not even attach any supporting evidence to the Opposition, choosing instead to rest upon her verified allegations. *See Reply* 4 n.1 ("Curiously, [P]laintiff has not offered so much as a simple declaration in opposition to this Motion which states her location when the calls were received.").

Although the Court resolves all factual disputes and makes all reasonable inferences in favor of the non-moving party on a Rule 12(b)(3) motion to dismiss, *see Murphy v. Schneider Nat., Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004), Plaintiff has not offered any evidence to create a factual dispute about where the phone calls were received. Moreover, in light of Plaintiff's apparent employment with two companies in Utah, the Court is unable to draw a reasonable inference that Plaintiff received the phone calls in this judicial district from the mere allegation that she was a resident of this district at the time of the alleged telephone calls. Therefore, Plaintiff has failed to establish venue in this judicial district. However, the Court permits Plaintiff leave to amend the Complaint to address the pleading defects discussed in this Order and to account for Defendant's venue concerns. Accordingly, the Court GRANTS Defendant's motion to dismiss with leave to amend.[3]

B.     Whether Defendant is Entitled to Attorneys' Fees

In addition to dismissal, Defendant seeks an award of $1,017.50 in attorneys' fees and costs pursuant to 28 U.S.C. § 1927. Under the "American Rule," parties generally bear their own attorneys' fees, unless authorized by statute or contract. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975). The statute relied upon by Defendant permits the Court to sanction an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Such an award, however, must be supported by a finding of "subjective bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

In the Motion, Defendant appears to base the fee request not on Plaintiff's initial filing of the action in this Court, but rather on Plaintiff's refusal to stipulate to a transfer or dismissal, which would have allegedly made Defendant's motion unnecessary. Defendant, however, does

---

[3] In the Reply, Defendant requests a continuance of the motion and an order requiring Plaintiff to produce her cell phone records. *See Reply* 4:17-22. However, the Opposition did not reveal any new information that would warrant such a request in the Reply brief, and requiring Plaintiff to divulge her cell phone records may not be necessary to establish venue.

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#7**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-9180 PSG (CWx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | Megan Partee v. United Recovery Group | | |

not establish that Plaintiff's counsel acted in bad faith.  In fact, Defendant does not respond in the Reply to Plaintiff's arguments opposing the fee request.  As Defendant has failed to demonstrate bad faith, the Court DENIES Defendant's request for attorneys' fees and costs pursuant to § 1927.

IV.    <u>Conclusion</u>

        For the reasons discussed, the Court GRANTS Defendant's Motion to Dismiss.  Plaintiff may file an amended complaint within 14 days of this Order.  If Plaintiff fails to file an amended complaint by **<u>May 17, 2010</u>**, this action will be dismissed with prejudice.

        **IT IS SO ORDERED.**